By the Court, Cowen, J.
The defendants below admitted the execution of the note ; and the burthen of showing that it was without consideration lay on them. They accordingly proved that several years before suit brought, they undertook with Palmer & Noble to transport from Manlius to Albany certain barley in which they (Palmer & Noble) had a special property, and which they were bound to see delivered at Albany to Taylor. The defendants were common carriers by their boat on the canal, which, owing to its accidentally striking a stone in *506 the canal, of which the defendants could not he perfectly aware,was broken, sunk and the water letin upon the barley, by which it was much injured. A dispute arose between the parties whether the defendants were liable, and this was compromised by Palmer & Noble agreeing to discount one half of their claim, and the defendants agreeing to pay the other. The half which fell upon the defendants was secured by several promissory notes, of which the note in question was one. The estimate of damage was deliberately and fairly made. Palmer & Noble were guilty of no fraud; the defendants were fully aware of all the facts; and there was no mistake in the case. This is the defence, as made out by the defendants’ own testimony. The court below ¡submitted to the jury whether the notes were made without consideration, and the jury found for the defendants.
I am of opinion the court below erred in omitting to charge the jury that the plaintiff was entitled to recover. No one would think of denying, that at least the dispute between the parties wms doubtful, and that probably the law was against the defendants on the facts disclosed by their evidence. It is enough, however, that it was doubtful, and that the notes were given in pursuance of an agreement to compromise, in no way impeached for want of fairness. To show that this is so, I shall do little more than refer to Chit, on Cont. 43, 44, ed. of 1842, and the notes, where cases are cited which refuse to open an agreement of this kind, under circumstances much stronger in favor of the defendant than exist here on the most liberal construction which the defence can pretend to claim. The case of O’Keson v. Barclay, (2 Pennsyl. R. 531,) sustained a promissory note given on the settlement of a slander suit for words not actionable. In such cases it matters not on which side the right ultimately turns out to be. The court will not look behind the compromise. (Taylor v. Patrick, 1 Bibb, 163 ; Fisher v. May’s heirs, 2 id. 448.) It is not necessary, however, in the present case, to go farther than was done in Longridge v. Dorville, (5 Barn. & Ald. 117.) There the ship *507 Carolina Matilda had run foul of the ship Zenobia in the Thames, and the former was arrested and detained by process from the admiralty to secure the payment of the damage. The agents for the owners of the Carolina Matilda stipulated with the agents for the owner of the Zenobia that, on the latter relinquishing their claim on the Carolina Matilda, the damages should be paid on due proof of them, if they did not exceed ¿£180. The proceedings in the admiralty being withdrawn, an action was brought on the promise. The Carolina Matilda had a regular Trinity-house pilot on board when the collision took place i and there was some doubt on the law, therefore, whether the owners were liable. Held, that the compromise being of a claim thus doubtful, the defendants were absolutely bound, without regard to the question of aetutal liability. Abbott, Ch. J. said, “ the parties agree to put an end to all doubts on the law and the fact, on the defendants’ engaging to pay a stipulated sum.” The parties agreed to waive all questions of law and fact.” Indeed, such is the intent of every compromise ; and the best interests of society require that such should be the effect.
I therefore prefer putting the case on that ground, though I feel very little doubt that the defendants were liable to Palmer & Noble for the whole damages, instead of the half for which they were let off.
Judgment reversed.